[No. 3325. Feb. 28, 1929.]

[Rehearing Denied May 28, 1929.]

GOODMAN v. GRIMMER et al.

[277 Pac. 433.]

Marron & Wood, of Albuquerque, for appellant.

Simms & Botts, of Albuquerque, for appellees.

OPINION OF THE COURT

PARKER, J. This is a suit for specific performance of an alleged contract for the sale of real estate. The defendants pleaded the statute of frauds. The plaintiff

was in possession of the premises under a lease which contained the following provision:

"It is further understood and agreed that in the event said party of the first part shall desire to sell the said property described herein, said party of the second part shall have the first right and option to buy and purchase the said real estate at a price agreed upon between the parties hereto."

The court found that in the latter part of 1926 the appellee Grimmer asked appellant if he desired to buy, but that he declined, saying he had no money. Appellee Grimmer, on February 18, 1927, sold the premises to appellee Love, after which time appellant paid the rent to Love and stated to Love that he would as leave pay it to him as to Grimmer. He also found that appellant disclaimed any interest in the purchase before the sale and apparently acquiesced in it afterwards. These findings are supported by substantial evidence and cannot be disturbed by this court. These facts amount to a waiver of appellant's rights under the covenant above set out. If, when he had notice and opportunity to exercise the option, the appellant declined to do so, it would seem to be but common justice to now refuse the right.

For the reasons stated, the judgment of the court below is correct, and should be affirmed and the cause remanded, and it is so ordered.

BICKLEY, C. J., and WATSON, J., concur.